

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 12, 2021.**

_____
TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WC 56 EAST AVENUE, LLC | § | Case No. 19-11649-tmd |
| | § | |
| Debtor | § | |

### ORDER CONFIRMING DEBTOR'S SECOND AMENDED
### CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED

On February 11, 2021, the Court conducted a hearing to consider confirmation of the *Debtor's Second Amended Chapter 11 Plan of Reorganization, as Modified* (the "**Plan**")[1] [Doc. 280[2]] filed by WC 56 East Avenue, LLC, the debtor and debtor in possession in the above-captioned bankruptcy case (the "**Debtor**"); and this Court previously having approved the *Debtor's Amended Disclosure Statement for Debtor's Second Amended Plan of Reorganization* [Doc. 230] (the "**Disclosure Statement**") and approved the solicitation procedures related to the Disclosure Statement, in this case pursuant to the *Order (1) Approving the Disclosure Statement*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.
[2] As modified by that certain *Order Granting Motion of Debtor Pursuant to Bankruptcy Rule 3019 Determining that Modification of Plan of Reorganization Does Not Adversely Change Treatment of Any Creditor or Interest Holder* [Doc. 276] (the "**Modification Order**").

*and (2) Fixing Time for Filing Objections and Acceptances or Rejections of Plan, Combined with Notice Thereof* entered on December 30, 2020 [Doc. 233] (the "**Solicitation Order**"); and the Debtor having served the Disclosure Statement and related solicitation materials pursuant to the Solicitation Order as set forth in the Certificate of Mailing [Doc. 260] (the "**Certificate of Mailing**"); and the Debtor having filed the Plan Supplement on February 11, 2021 [Doc. 270] (as may be further amended or supplemented, the "**Plan Supplement**"); and the Debtor having filed a summary of the ballots received, indicating how each class and claimant voted, on February 3, 2021 [Doc. 261] (the "**Ballot Summary**"); and this Court having held a hearing on February 11, 2021 to consider confirmation of the Plan (the "**Confirmation Hearing**"). Based on the evidence presented, the arguments and representations of counsel, the settlement and compromise with Lender as embodied in the Plan, and the entire record in this bankruptcy case, the Court has determined that the Plan satisfies the applicable provisions of the Bankruptcy Code and should therefore be confirmed.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. **Introduction**. On December 29, 2020, the Debtor filed the Disclosure Statement and Plan. The Disclosure Statement and Plan, along with other solicitation materials, were provided to all creditors, equity holders, the Debtor, and any other party in interest as provided in Bankruptcy Rule 3017(d) in compliance with the Solicitation Order.

B. **Jurisdiction and Venue.** The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core matter under 28 U.S.C. § 157(b). Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). This matter arises under the Bankruptcy Code, and jurisdiction is vested in this Bankruptcy Court to enter a final order by virtue of 28 U.S.C. § 1334(a) and (b), 28 U.S.C. §§ 151, 157(a) and (b)(1), and the Standing Order of Reference in this District. These Findings of Fact and Conclusions of Law are being entered pursuant to Bankruptcy Rules 7052, 9014 and 9019.

C. **The Bankruptcy Case**. On December 2, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

D. **Solicitation and Related Matters**. On December 30, 2020 the Court entered the Solicitation Order. Pursuant to the Solicitation Order, counsel for the Debtor mailed, by first

class mail, a copy of the Disclosure Statement, Plan, the Solicitation Order, and a ballot conforming with Official Bankruptcy Form 14, to all creditors, equity holders, the Debtor, and any other party in interest as provided in Bankruptcy Rule 3017(d). On February 3, 2021, counsel for the Debtor filed the Certificate of Mailing with the Court reflecting such mailing. The Debtor is conclusively determined to have provided all creditors, equity holders, the Debtor, and any other party in interest as provided in Bankruptcy Rule 3017(d) with adequate and sufficient notice under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court, and such notice apprised the parties receiving the same of the Plan and information and deadlines in the Solicitation Order. The Disclosure Statement provided holders of interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code. The Disclosure Statement (including all exhibits thereto) and the Solicitation Order provided holders of interests and other parties in interest, respectively, with sufficient notice of the injunction and release provisions contained in Article 9 of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c). The Debtor formulated the Plan and solicited acceptances thereon in good faith and pursuant to, and in accordance with, the Solicitation Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and the Debtor is entitled to the full protections afforded under section 1125(e) of the Bankruptcy Code. Notice of the Confirmation Hearing was adequate pursuant to Bankruptcy Rules 2002 and 3020.

   E. **Impairment of Claims and Results of Voting on Plan**. The Solicitation Order established the deadline to vote to accept or reject the Plan as February 1, 2021 at 5:00 p.m. (prevailing Central time). Holders of claims in Class 3 (Allowed Equity Interests) are unimpaired under the Plan, and, accordingly, under section 1126(f) of the Bankruptcy Code, holders of claims in this class are conclusively presumed to have accepted the Plan. The Plan impairs Class 1 (Lender) and Class 2 (Allowed Unsecured Claims). The classification and treatment of claims and interests and implementation procedures contained in the Plan comply with the Bankruptcy Code and are reasonable and appropriate. On February 3, 2021, the Debtor filed the Ballot Summary. The voting results in the Ballot Summary are incorporated herein by reference and are adopted by the Court as findings of fact. On February 11, 2021, the Lender filed its *Agreed Motion Pursuant to Bankruptcy Rule 3018(A) to Change Votes Relating to Debtor's Chapter 11 Plan Of Reorganization, as Modified* ("**Motion to Change Votes**"). The Court granted the Motion to Change Votes and after giving effect to such ruling, Classes 1 and 2 voted 100% to accept the Plan. Class 3 was not entitled to vote and deemed to accept the Plan.

   F. **Executory Contracts and Unexpired Leases**. The Plan provides that the Debtor shall be deemed to have rejected each executory contract and unexpired lease to which it is a party, unless such contract or lease (a) was previously assumed or rejected by the Debtor, or (b) is set forth in a schedule, as an executory contract or unexpired lease to be assumed, filed as part of the Plan Supplement. The rejection of the executory contracts and unexpired leases reflects the sound business judgment of the Debtor and is reasonable and in the best interest of the estate.

   G. **Compromises**. The Plan implements the terms and conditions of a settlement and compromise with the Lender (the "**Compromise**") as described in the Plan. The Plan constitutes a motion to compromise controversy pursuant to Bankruptcy Rule 9019, and seeks approval of the Compromises as incorporated in the Plan. The Court has considered the factors for determining whether to approve the settlement embodied in the Compromise. Those factors include (a) the

probability of success in the litigation, with due consideration for the uncertainty in fact and law; (b) the complexity and likely duration of the litigation and the expense attendant to it; (c) the difficulty in collecting any judgment; and (d) the paramount interests of creditors, with proper deference to their reasonable views of the settlement. The evidence presented at the Confirmation Hearing in support of the Compromise more than satisfies the applicable evidentiary standard for approval of a compromise in bankruptcy. The Compromise constitutes a comprehensive resolution of the disputes between the Debtor and the Lender, and fairly resolves all of the relevant claims and issues among those parties. The terms of the Compromise and the Plan are the result of active arms' length negotiations among the Debtor and the Lender. The Compromise eliminates complex and expensive litigation and maximizes the distributions to the parties under the Plan. The terms of the Compromise fall well above the lowest point in the range of reasonableness. In addition, no objections to the Compromise was filed with the Bankruptcy Court. The settlement embodied in the Compromise is fair and equitable, and in the best interest of the Debtor's estates, its creditors, and other parties in interest.

      H. **Confirmation Requirements.**

      1. **Sections 1129(a)(1)-(2) (Compliance with the Bankruptcy Code)**. The Plan complies with the applicable provisions of the Bankruptcy Code. The requirements of section 1129(a)(1) of the Bankruptcy Code are therefore satisfied. The Debtor has complied with the terms of the Solicitation Order and the applicable provisions of the Bankruptcy Code. The requirements of section 1129(a)(2) of the Bankruptcy Code are therefore satisfied.

      2. **Section 1129(a)(3) (Plan Proposed in Good Faith)**. The Plan has been proposed in good faith and not by any means forbidden by law as required by section 1129(a)(3) of the Bankruptcy Code. The Debtor has proposed the Plan with the legitimate and honest purpose of implementing the Compromises and making distributions to its creditors and the holders of Allowed Equity Interests. The Plan has not been proposed by any means forbidden by law. The Plan fairly achieves a result consistent with the objectives and purposes of the Bankruptcy Code. The Plan is the result of good faith, arms-length negotiations by the Debtor.

      3. **Section 1129(a)(4) (Disclosure and Approval of Payments)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of the Bankruptcy Court as reasonable, as required by section 1129(a)(4) of the Bankruptcy Code.

      4. **Section 1129(a)(5) (Disclosure of Management and Payments to Insiders)**. As required by section 1129(a)(5) of the Bankruptcy Code, the Debtor has proposed that current manager of the Debtor shall continue in its position. The continuance of the incumbent manager to serve in their current capacities is consistent with the interests of creditors, equity holders and with public policy.

      5. **Section 1129(a)(6) (Regulatory Rate Approval)**. The Plan does not provide for a "rate change" as contemplated by section 1129(a)(6) of the Bankruptcy Code, and therefore, section 1129(a)(6) does not apply to the Plan.

6. **Section 1129(a)(7) (Best Interest of Creditors Test)**. Based on the liquidation analysis performed on behalf of the Debtor, with respect to each impaired class of claims or equity interests, (a) each holder of a claim or equity interest of such class has either accepted the Plan, or (b) will receive or retain under the Plan on account of such claim or equity interest, property of a value, as of the Effective Date, that is not less than the amount that the holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code. The requirements of section 1129(a)(7) of the Bankruptcy Code are therefore satisfied

7. **Section 1129(a)(8) (Acceptance of Plan by All Classes)**. Section 1129(a)(8) of the Bankruptcy Code requires that, with respect to each class of claims or interests, such class has either accepted the plan or is not impaired under the plan. As depicted in the Ballot Summary, all classes of claims and equity interests who were entitled to vote on the Plan either voted to accept the Plan or are deemed to have accepted the Plan, and therefore, the requirements of section 1129(a)(8) of the Bankruptcy Code are satisfied. Alternatively, to the extent the requirements of section 1129(a)(8) of the Bankruptcy Code have not been satisfied, the Plan meets the cramdown requirements of section 1129(b) of the Bankruptcy Code.

8. **Section 1129(a)(9) (Payment of Priority Claims)**. Section 1129(a)(9) of the Bankruptcy Code provides for the treatment of claims entitled to priority under sections 507(a)(l)-(8) of the Bankruptcy Code. Under section 1129(a)(9)(A) of the Bankruptcy Code, holders of section 507(a)(2) and (a)(3) claims must receive cash equal to the allowed amount of such claim. Section 1129(a)(9)(B) provides that, except to the extent the holder of a claim has otherwise agreed to a different treatment, holders of section 507(a)(1) and (a)(4)-(a)(7) claims must receive deferred cash payments of a value equal to the allowed amount of such claims if the class has accepted the Plan or, if not, cash equal to the allowed amount of such claim. Under section 1129(a)(9)(C)-(D) of the Bankruptcy Code, holders of claims under section 507(a)(8) or secured tax claims must receive regular installment payments in cash, (a) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; (b) over a period ending not later than 5 years after the date of the order for relief under sections 301, 302 or 303; and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan. Except to the extent that a Holder of a Priority Tax Claim agrees to less favorable treatment, pursuant to section 1129(a)(9)(C) of the Bankruptcy Code, on the later of (a) the Distribution Date or (b) the date such Priority Tax Claim becomes an Allowed Priority Tax Claim, each Holder of an Allowed Priority Tax Claim shall receive in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Tax Claim, (x) Cash equal to the unpaid portion of such Allowed Priority Tax Claim or (y) such other treatment as to which the Debtor and such Holder shall have agreed upon in writing. The Holder of an Allowed Priority Tax Claim will not be entitled to receive any payment on account of any penalty arising with respect to or in connection with the Allowed Priority Tax Claim. Any such Claim or demand for any such penalty will be subject to treatment in Class 2. The requirements of section 1129(a)(9) of the Bankruptcy Code are satisfied.

9. **Section 1129(a)(10) (At Least One Impaired Class Has Accepted the Plan)**. Section 1129(a)(10) of the Bankruptcy Code provides that if one or more classes of claims is impaired under a plan, at least one class must have accepted the plan, without including any votes of insiders. Impaired Classes 1 and 2 voted 100% to accept the Plan. The Plan therefore satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

10. **Section 1129(a)(11) (Feasibility)**. The Plan provides for the implementation of the Compromise, the payments of claims and distributions to equity by the Debtor or the Reorganized Debtor, as the case may be. Section 1129(a)(11) requires that "[c]onfirmation of the plan is not likely to be followed by the liquidation . . . of the debtor . . . unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). The Plan does propose a reorganization, and accordingly, the Plan complies with section 1129(a)(11) of the Bankruptcy Code. All payments that are required under the Bankruptcy Code and the Plan can be feasibly made. Further, none of the payments or actions contemplated in the Plan are dependent on the occurrence of any unlikely contingent event. The structure of the Plan and mechanisms for implementation of the Plan are reasonable and appropriate, and the Debtor is able to pay (or reserve for) all of the payments required to be made on the Effective Date of the Plan.

11. **Section 1129(a)(12) (Payment of Fees)**. The Plan provides for the payment of all fees payable under 28 U.S.C. § 1930 in compliance with section 1129(a)(12) of the Bankruptcy Code.

12. **Section 1129(a)(13) (Retiree Benefits)**. Section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan as there are no retiree benefits at issue with respect to the Debtor.

13. **Section 1129(a)(14) (Domestic Support Obligations)**. The Debtor is not required to pay a domestic support obligation, either under a judicial or administrative order or by statute, and therefore section 1129(a)(14) of the Bankruptcy Code is inapplicable

14. **Section 1129(a)(15) (Objection to Plan Confirmation by a Holder of an Unsecured Claim)**. The Debtor is not and individuals, and, therefore, section 1129(a)(15) of the Bankruptcy Code is inapplicable.

15. **Section 1129(a)(16) (Restrictions on Transfers of Property by Nonprofit Entities)**. The Debtor is a moneyed, business, or commercial corporation or trust, and, therefore, section 1129(a)(16) of the Bankruptcy Code is inapplicable.

16. **Section 1129(b) (Unfair Discrimination)**. Under section 1129(b) of the Bankruptcy Code, the court "shall confirm the plan…if the plan does not discriminate unfairly, and it is fair and equitable, with respect to each class of claims or interest that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129. For purposes of section 1129(b) of the Bankruptcy Code, the Plan is fair and equitable to the extent that the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property. *See* 11 U.S.C. § 1129(b)(2)(B)(ii) and (C)(ii). All classes that were entitled to vote on the Plan either voted in favor of the Plan or are conclusively presumed to have accepted the Plan. If it is determined, however, that a class of claims or equity interests did not accept the Plan or are conclusively presumed to have rejected the Plan, the Plan is fair and equitable with respect to the holders of claims or equity interests in such class. Therefore, the Plan meets the cramdown requirements under section 1129(b) of the Bankruptcy Code.

17. **Section 1129(d) (Tax or Securities Avoidance)**. The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such purpose. Therefore, the Plan complies with section 1129(d) of the Bankruptcy Code.

18. **Resolution of Objection of Travis County**. The legal, equitable, and contractual rights of Travis County are unaltered by the Plan or Confirmation Order. The Debtor shall continue to pay or dispute the taxes owed to Travis County in the ordinary course of business as if the Chapter 11 Case had never been commenced. The lien rights of Travis County are hereby preserved. The Debtor's right to contest ownership of the .252 acre property is preserved.

19. **Resolution of Objection of Comptroller**. Notwithstanding any term in the Plan or this Confirmation Order to the contrary: (i) the setoff rights of the Texas Comptroller of Public Accounts (the "**Comptroller**") are preserved under § 553 of the Bankruptcy Code; (ii) pursuant to § 503(b)(1)(D) of the Bankruptcy Code, the Comptroller shall not be required to file a request for payment of any amounts coming due post-petition; (iii) any and all tax liabilities owed by Debtor to the Comptroller, including those resulting from audits, shall be determined, resolved, and paid under and in accordance with the laws of the State of Texas; (iv) all matters involving Debtor's liabilities to the Comptroller shall be resolved in accordance with the processes and procedures provided by Texas law, including prosecution in Texas state courts; (v) Debtor shall not request relief from this bankruptcy court with regard to any matters involving Debtor's liabilities to the Comptroller; and (vi) the bankruptcy shall have no effect on the Comptroller's rights as to non-Debtor third parties.

A. **Modification**. On February 11, 2021, the Debtor filed a *Motion For Order Pursuant To Bankruptcy Rule 3019 Determining That Modification Of Plan Of Reorganization Does Not Adversely Change Treatment Of Any Creditor Or Interest Holder* [Doc. 269] (the "**Modification**"). The Court has reviewed the Modification, and finds that it is not material and does not require re-solicitation of the Plan and should be granted.

B. **Releases**. The releases contained in Article 9 of the Plan for the benefit of the Released Parties are consistent with and permissible under applicable law.

C. **Oral Findings of Fact and Conclusions of Law**. The Court's oral findings of fact and conclusions of law on the record at the Confirmation Hearing are incorporated herein by reference.

D. **Findings of Fact as Conclusions of Law and Vice Versa**. To the extent that any provision designated herein as a finding of fact is more properly characterized as a conclusion of law, or vice versa, it is adopted as such.

E. **Objections Overruled**. To the extent any objection to Confirmation of the Plan has not been withdrawn, it is overruled.

F. **Confirmation Hearing Record**. The record of the Confirmation Hearing is closed.

## II. CONFIRMATION OF PLAN

Based on the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED that the Plan (as modified) is CONFIRMED and APPROVED in its entirety. A copy of the Plan incorporating the Plan modification is attached to this Order as **Exhibit A**; and it is further

**ORDERED** that each term and provision of the Plan Supplement, and such other certificates, documents, and instruments that may be necessary or appropriate to effectuate the transactions contemplated thereunder and in the Plan (collectively, the "**Plan Documents**"), and the terms and conditions thereof, are **APPROVED**. The Debtor, the Reorganized Debtor and the non-debtor parties to the Compromise are authorized to modify the Plan Documents without further order of the Court to the extent necessary to correct typographical, grammatical, and other errors and to make any changes required or appropriate to implement, effectuate, and consummate the Plan, the Plan Documents, the terms of this Order, and the transactions respectively contemplated thereunder; provided, however, that any modifications must be non-material, and must otherwise be consistent with, and not barred by, the Plan. The Debtor, the Reorganized Debtor and the non-debtor parties to the Compromise are authorized to execute and deliver the Plan Documents as required and directed by the Plan. On and after the Effective Date and as executed by the Debtor or the Reorganized Debtor, as applicable, the terms and conditions of the Plan Documents shall be effective and enforceable as provided for therein; and it is further

**ORDERED** that all objections to confirmation of the Plan not withdrawn or otherwise resolved at or before the Confirmation Hearing are expressly overruled; and it is further

### Effects of Confirmation of the Plan

**ORDERED** that the Effective Date of the Plan shall be the first business day after entry of this Order on which (a) the conditions to the Plan's effectiveness set forth therein have been

satisfied or waived and (b) no stay of this Order is in effect, and upon the occurrence of the Effective Date of the Plan, the Debtor shall file a notice on the docket in this bankruptcy case reflecting that such Effective Date has occurred; and it is further

**ORDERED** that, pursuant to § 1141 of the Bankruptcy Code, on the Effective Date, the Plan and each of its provisions shall be binding upon and inure to the benefit of: the Debtor, all present and former Holders of Claims against and Equity Interests in the Debtor, their respective successors and assigns, including the Reorganized Debtor, all other parties-in-interest in the Chapter 11 Case (irrespective of whether such Claims or Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor; and it is further

**ORDERED** that, as of the Effective Date of the Plan, the Debtor and its representatives, attorneys, professionals, and agents are authorized, empowered and directed to carry out all of the provisions of the Plan and Plan Documents and to perform any act necessary to implement, effectuate, or consummate the Plan, Plan Documents, and this Order, and to issue, execute, deliver, file, and record, as appropriate, such other contracts, agreements, documents, and to perform such other acts and execute and deliver such other documents as are consistent with and necessary or appropriate to implement, effectuate, or consummate the Plan, Plan Documents, and this Order and the transactions contemplated thereby and hereby, all without the requirement of further application to, or order of, this Court or further action by any other party; and it is further

**ORDERED** that except as otherwise provided by the Plan or this Order, the rights afforded under the Plan and the treatment of Claims and Equity Interests under the Plan are in

exchange for and in complete satisfaction, discharge, and release of, all Claims against the Debtor or the Estate and the termination of all Equity Interests; and it is further

**ORDERED** that except as otherwise provided in the Plan, this Order, or separate Final Order, any and all injunctions or automatic stays provided for in this Chapter 11 Case under 11 U.S.C. §§ 105 and 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect through the Effective Date; and it is further

### Approval of the Compromises

**ORDERED** that pursuant to the Plan and Bankruptcy Rule 9019, and in consideration of the distributions and other benefits provided under the Plan, the terms and conditions of the Compromise incorporated in, and implemented pursuant to, the Plan are approved in all respects. The Debtor is authorized to undertake any and all actions necessary or appropriate to consummate or effectuate the terms of the Compromise; and it is further

### Executory Contracts and Leases

**ORDERED** that, in accordance with Article 5 of the Plan, on the Effective Date, except as otherwise provided in the Plan, any unexpired lease or Executory Contract that has not been previously assumed or rejected by the Debtor pursuant to an order of the Bankruptcy Court shall be deemed rejected by the Debtor pursuant to sections 365(a) and 1123 of the Bankruptcy Code. *Debtor will file a list of contracts to be assumed prior to date of the Confirmation Hearing.* For the elimination of doubt, (a) the Lease Agreement by and between the Debtor and Zengistics, Inc. and (b) the Property Management Agreement by and between the Debtor and WCRE Management, LLC are hereby assumed by the Debtor. Entry of the Confirmation Order shall constitute approval of such assumptions or rejections, as the case may be (as such lists may be amended, supplemented or modified on or before the Confirmation Date), pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Any motions to assume Executory Contracts and

unexpired leases pending on the Effective Date shall be subject to approval by the Bankruptcy Court on or after the Effective Date by a Final Order., provided, however, that all claims and causes of action owned by the Debtor as of the Petition Date or that arose or were assigned to the Debtor thereafter are preserved notwithstanding such rejection; and it is further

**ORDERED** that, in accordance with Section 5.04 of the Plan, any claim for damages arising from the rejection of an executory contract or unexpired lease by the Plan must be evidenced by a proof of claim filed with the Court and served upon the Debtor and its counsel within (30) thirty days after the earlier of (a) the date of entry of an order of the Bankruptcy Court approving such rejection or (b) the Confirmation Date. Any such Claims not filed within such times shall be forever barred from assertion against the Debtor, its Estate, and property; and it is further

### Provisions Relating to Claims Administration

**ORDERED** that, in accordance with Section 6.01 of the Plan, except as otherwise set forth in the Plan, any objections to claims shall be filed on or before the date that is the later of: (a) sixty (60) days after the Effective Date, and (b) the last day of such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court for objecting to certain Claims; and it is further

### Provisions Relating to Professional Fee Claims and Administrative Expenses

**ORDERED** that, notwithstanding Section 2.05 of the Plan, the Holders of Professional Fee Claims shall file their respective final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date by no later than the date set for the Professional Fee Bar Date (as defined in the Plan), i.e., thirty (30) days from entry of this Order reflecting fees and expenses incurred as of the end of the month preceding the date of the Confirmation Hearing; and it is further

**ORDERED** that, in accordance with Section 2.02 of the Plan, each holder of an Allowed Administrative Claim (except any holder that agrees to a lesser or otherwise different treatment) shall be paid in full, in Cash, in full satisfaction of such Claim, on the later of the Effective Date or the date on which such Administrative Claim becomes an Allowed Claim, *provided, however*, that (a) Allowed Administrative Claims representing (1) post-petition liabilities incurred in the ordinary course of business by the Debtor or (2) post-petition contractual liabilities arising under loans or advances to the Debtor, whether or not incurred in the ordinary course of business, shall be paid in accordance with the terms and conditions of the particular transactions relating to such liabilities and any agreements relating thereto, and (b) Professional Fee Claims shall be paid when Allowed by an order of the Bankruptcy Court; and it is further

### General Implementation Provisions

**ORDERED** that, on or before three (3) business days following the occurrence of the Effective Date of the Plan, the Debtor shall mail to all creditors, equity interest holders and all other parties in interest receiving notice in this Bankruptcy Case, a notice that informs such persons of: (i) the entry of this Confirmation Order, (ii) the occurrence of the Effective Date, (iii) such other matters as the Debtor deems appropriate or as may be ordered by the Bankruptcy Court, and (iv) any deadlines set by this Order or the Plan; and it is further

**ORDERED** that all actions not otherwise previously approved by the Court that the Debtor took or effectuated (a) during the pendency of the Chapter 11 Case, (b) in the administration of the Chapter 11 Case, or (c) in the formulation, negotiation, prosecution, or implementation of the Plan are ratified and approved; and it is further

**ORDERED** that the provisions of the confirmed Plan and this Order bind the Debtor and any Holder of Claims or Equity Interests in the Debtor, whether or not the Claim or Equity

Interest of such Holder is impaired under the Plan and whether or not such Holder has accepted the Plan; and it is further

**ORDERED** that this Order is in recordable form, and shall be accepted by any filing or recording officer or authority of any applicable governmental unit for filing and recording purposes without further or additional orders, certifications, or other supporting documents; and it is further

**ORDERED** that to the extent that, under applicable nonbankruptcy law, any of the actions contemplated in the Plan would otherwise require the consent or approval of the holders of Equity Interests in the Debtor, this Order shall constitute such consent or approval, and such actions shall be, and are deemed to have been, taken by unanimous action of the holders of Equity Interests in the Debtor; and it is further

**ORDERED** that the failure to include specifically any particular provision of the Plan in this Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent that the Plan is confirmed in its entirety; and it is further

**ORDERED** that, in the event of an inconsistency between the Plan and this Order, the provisions of this Order shall govern; and it is further

**ORDERED** that this Court's retention of jurisdiction as set forth in Article 8 of the Plan is approved. Such retention of jurisdiction does not affect the finality of this Confirmation Order. For the avoidance of doubt, the Court shall retain jurisdiction over all pending matters, including adversary proceedings; and it is further

**ORDERED** that notwithstanding Bankruptcy Rule 3020(e), the terms and conditions of this Order will be effective and enforceable immediately upon its entry.

# # #

*Prepared and Entry Requested By:*

By:   */s/ Morris D. Weiss*
WALLER LANSDEN DORTCH & DAVIS, LLP
Morris D. Weiss
State Bar No. 21110850
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
morris.weiss@wallerlaw.com

**COUNSEL FOR THE DEBTOR-IN-POSSESSION**

*Approved as to Form:*

By:  */s/ Brian T. Cumings*
GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
Christopher H. Trickey
State Bar No.
Brian T. Cumings
State Bar No. 24082882
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
ctrickey@gdhm.com
bcumings@gdhm.com

**COUNSEL FOR SECURED CREDITOR**
**56 EAST AVENUE, L.P.**

*Lender's Consent to Releases Contained in Section 9.06 of the Plan*

56 East Avenue, LP (a Texas limited partnership)
    By: 56 East Avenue GP, LLC (a Texas limited liability company), Its General Partner
        By: 56 East Avenue GP Ownership Trust, Its Sole Member


            By: /s /Richard Long (signature attached)
                Richard Long, Trustee

ctrickey@gdhm.com
bcumings@gdhm.com

**COUNSEL FOR SECURED CREDITOR
56 EAST AVENUE, L.P.**

*Lender's Consent to Releases Contained in Section 9.06 of the Plan*

56 East Avenue, LP (a Texas limited partnership)
    By: 56 East Avenue GP, LLC (a Texas limited liability company), Its General Partner
        By: 56 East Avenue GP Ownership Trust, Its Sole Member

By: _____
Richard Long, Trustee